UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MICHAEL ANGELO BURNETT #200640,

               Plaintiff,                        Case No. 2:08-cv-168

v.                                            Honorable R. Allan Edgar

PATRICIA CARUSO, et al.,

               Defendants.

_____/

**REPORT AND RECOMMENDATION**

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Michael Angelo Burnett #200640, an inmate at the Baraga Maximum

Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against

Defendants MDOC Director Patricia Caruso, Manager of Internal Affairs Stephen Marschke, Chief

Medical Officer George Pramstaller, Marquette Branch Prison (MBP) Warden Gerald Hofbauer,

Assistant Deputy Warden Cathy Alto, Assistant Deputy Warden Max Gormley, Inspector Shane

Place, Valerie Hammond, R.N., Dr. Aster Berhane, Dr. Brenda Parker, Dr. W. M. Warren, Dr.

Richard Miller, Corrections Officer Jeanne McGahey, and Unknown Parties.

In his complaint, Plaintiff alleges that between August 17, 2005, and September 16,

2005, he was exposed to ionized urine, semen and blood, which was exposed to radiation.  Plaintiff

contends that, as a result, he now suffers from endocarditis and gingivitis.  Plaintiff also suffers from

dehydration, low white blood cell count, and immuno-supression, which is commonly referred to

as radiation sickness.  In addition, Plaintiff claims that Defendant McGahey and Unknown Officers

exposed Plaintiff to a radio controlled protons beam and administered electrical shocks, which cause

pain, confusion, and loss of consciousness.  In addition, Plaintiff contends that a protons beam may

be locked or inserted into Plaintiff's ears as an infrared ear intercom to send communications directly

to him and intercept his oral communication.

Plaintiff alleges that Defendant McGahey and other officer would approach his cell

wearing civilian clothing and various makeup, hairstyles and hair color, except for Officer Mannisto,

who wore an officer's uniform adorned with a "strap onto phallus."  Plaintiff states that these parties

would incapacitate Plaintiff by administering electrical shocks to him, and that they would then enter

Plaintiff's cell and brutally rape him.  Plaintiff asserts that Defendant McGahey possessed firearms

each time and that the prisoners who locked around Plaintiff were moved to the other side of the unit.

Plaintiff states that, as a result of the rapes, he suffered profuse bleeding, swelling, pain and

confusion.   Plaintiff informed Defendant Hammond about the rapes, but was denied medical

treatment.  Instead, Defendant Hammond placed a false mental health referral in Plaintiff's medical

file, alleging that Plaintiff could not be understood.  Plaintiff states that Defendants Hofbauer, Alto,

and Gormley were deliberately indifferent to the mistreatment suffered by Plaintiff.

Plaintiff alleges that from November 8, 2005, to the present time, Defendant Miller

discovered that Plaintiff had an "aorta murmer," which was confirmed by Defendant Berhane.  This

condition can be the result of endocarditis.  Plaintiff states that bacterial endocarditis is an infectious

disease that causes a life-threatening streptococci or staphylococci heart infection which, if allowed

to progress, is usually fatal.   Plaintiff contends that he has been continuously denied needed

intravenous antibiotic treatment for his heart condition.  Plaintiff states that Defendant Pramstaller

has actual knowledge of the denial of treatment, but failed to take reasonable measures to order

treatment.  Plaintiff asserts that he filed numerous grievances, police reports, and appeals regarding

the denial of medical treatment, and that his mother placed several phone calls to Defendants Caruso

and Marschke.   Plaintiff states that Defendants' conduct violated his rights under the Eighth

Amendment.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The court's initial assessment of the *in forma pauperis* Plaintiff's factual allegations must be "weighted in favor of the plaintiff."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  However, the court is not bound to accept all factual allegations as true.  *Id.*  While the court cannot dismiss a case simply because the court finds the factual allegations to be improbable or unlikely, *Id.*, the court may dismiss a case as frivolous where the facts alleged rise to the level of the irrational or are wholly incredible, *Id.*; fanciful, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); fantastic, *Id.* at 328; or delusional.  *Id.*

In this case, Plaintiff claims that he was exposed to radioactive ionized excrement, semen and blood, and that he was subjected to electric shocks by virtue of a proton beam.  Plaintiff claims that Defendants used these devices to infect him and to immobilize him so that he could be raped by Defendant McGahay and other officers.  Plaintiff states that other than a mental health referral, he was denied medical treatment.  In the opinion of the undersigned, the allegations in Plaintiff's complaint rise to the level of the irrational,wholly incredible, fanciful, fantastic, and delusional.  Therefore, the undersigned recommends that Plaintiff's complaint be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 3, 2008

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).